UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ARTHUR CASEY,<br><br>    Plaintiff,<br><br>    v.<br><br>M. DOCANTO, *et al.*,<br><br>    Defendants. | Case No.: 1:20-cv-00420-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 12] |

Plaintiff James Arthur Casey is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed April 17, 2020.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff names correctional officer M. Docanto, correctional officer Malinado, correctional sergeant J. Nevarro, correctional lieutenant L. Padrnoas, and correctional captain Gallegar, as Defendants.

Officers Docanto and Malindo went to Plaintiff's cell for a priority medical ducat appointment. Both officers knew it the medical appointment was for Hepatitis C treatment, but they refused to take Plaintiff to his appointment.

Officers Docanto and Malindo excessively strip-searched Plaintiff trying to not allow Plaintiff to go to his Hepatitis C medical appointment. Docanto and Malindo told Plaintiff to lift up his penis slowing and move it right and left then to hold it to one side and lift up his balls. They then told Plaintiff to turn around, squat and cough. Plaintiff did as he was instructed. They told Plaintiff to do

it all again while spreading his buttchecks as wide as possible. The officers then slammed the food tray closed, and after Plaintiff grabbed his clothing, they said "nice sex show" and walked away. While Plaintiff was naked, both officers made "sexual" comments about Plaintiff's body knowing he is Muslim trying to make him upset.

Plaintiff told sergeant Nevarro and captain Gallegar about the incident, and Nevarro told Plaintiff "this is prison get used to it."

## III.

## DISCUSSION

### A.   Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk

to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted). In addition, mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122 ("The deliberate indifference doctrine is limited in scope.").

Plaintiff's mere allegation that Defendants Docanto and Malinado failed to take him to his Hepatitis C follow-up medical appointment is too conclusory in nature to give to a claim for deliberate indifference. Although Plaintiff claims that he was strip searched by Docanto and Malinado to prevent him from going to his medical appointment, he fails to set forth any connection between the strip search and the failure to take him to his medical appointment. Rather, Plaintiff simply contends that Defendants excessively strip searched him to try to get him to go to his medical appointment, and after he was searched, Defendants simply walked away. However, the Court cannot determine based on the limited factual allegations why or what caused Defendants to not take him to his medical appointment. Further, to the extent Plaintiff alleges there was a delay in his medical treatment, he fails to allege that any delay led to further injury or harm. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992) (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

### B. Strip Search/Sexual Harassment

"Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." Wood v. Beauclair, 692 F.3d 1041, 1046 (9th Cir. 2012) (citations omitted). In evaluating such a claim, "courts consider whether 'the official act[ed] with a sufficiently culpable state of mind' "—the subjective component—"and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation"—the objective component. Wood, 692 F.3d at 1046) (alteration in original) (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)). "[A] prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." Bearchild v. Cobban, 947 F.3d 1130,

4

1144 (9th Cir. 2020). There are occasions when legitimate penological concerns require invasive searches, and the courts owe prison staff deference because of prisons' "unique security concerns." Id. at 1145. Thus, when the assault begins as a legitimate, albeit invasive, penological procedure, the prisoner must show that the official's "conduct exceeded the scope of what was required to satisfy whatever institutional concern justified the initiation of the procedure." Id.

Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997), overruled in part on other grounds by Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); see, e.g., Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate 8th Amendment). Mere verbal sexual harassment does not necessarily amount to an Eighth Amendment violation. Austin v. Williams, 367 F.3d 1167, 1171-72 (9th Cir. 2004) (upholding summary judgment dismissal of 8th Amendment claim where prison guard exposed himself to prisoner in elevated, glass-enclosed control booth for no more than 30-40 seconds). A prisoner therefore must establish that the alleged sexual harassment was egregious, pervasive and/or widespread in order to state a claim under the Eighth Amendment. See, e.g., Jordan v. Gardner, 986 F.2d 1521, 1525-31 (9th Cir. 1993) (prison policy requiring male guards to conduct body searches on female prisoners); Watson v. Jones, 980 F.2d 1165, 1165-66 (8th Cir. 1992) (correctional officer sexually harassed two inmates on almost daily basis for two months by conducting deliberate examination of genitalia and anus).

Although prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, the Eighth Amendment's protections do not extend to all forms of sexual harassment. Allegations of sexual harassment that do not involve touching have routinely been found 'not sufficiently serious' to sustain an Eighth Amendment claim. Austin v. Terhune, 367 F.3d 1167, 1172 (9th Cir. 2004) (upholding dismissal of claim premised on allegations that correctional officer unzipped his pants and exposed his penis to an inmate from inside control booth); accord Somers v. Thurman, 109 F.3d 614, 624 (9th Cir. 1997) ("To hold that gawking, pointing, and joking violates the prohibition against cruel and unusual punishment would trivialize the objective component of the Eighth Amendment test and render it absurd."); Blueford v. Prunty, 108 F.3d 251, 256 (9th Cir. 1997)

5

(affirming summary adjudication in favor of the prison officials where "the only arguably sexually harassing conduct... was verbal").

Plaintiff has failed to demonstrate that the Defendants actions were in violation of the Eighth Amendment. As an initial matter, Defendants had a legitimate penological interest to conduct a visual strip search of Plaintiff as it was before his release to a medical appointment. Further, Plaintiff has failed to present sufficient factual allegations that the visual strip search, without any physical touching, as ordered by Defendants exceeded the scope of what was required to satisfy whatever institutional concern justified the initiation of the pat searches. See Bearhild v. Cobban, 947 F.3d at 1144-45 ("[T]here are occasions when legitimate penological objectives within a prison setting require invasive searches."); Grummet v. Rushen, 779 F.2d 491, 495 (9th Cir. 1985) ("[R]outine pat-down searches, which include the groin area, and which are otherwise justified by security needs, do not violate" the Constitution). In addition, Plaintiff has alleged nothing more than that Defendants made unspecified "sexual" comments, which do not give to a claim under the Eighth Amendment. Accordingly, Plaintiff fails to state a cognizable claim for deliberate indifference under the Eighth Amendment.

### C. Supervisory Liability

To the extent Plaintiff is suing prison officials based on their supervisory positions, Plaintiff is advised under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal, at 1948-49. A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

///

**IV.**

**ORDER AND RECOMMENDATION**

For the reasons discussed herein, Plaintiff fails to state a cognizable constitutional claim for relief. Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint fails to cure the deficiencies. Based upon the allegations in Plaintiff's original and first amended complaints, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a constitutional claim for relief, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, it is HEREBY ORDERED that the Clerk of the Court randomly assign a Fresno District Judge to this action.

Further it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may

///
///
///
///
///
///

result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 4, 2020**

_____
UNITED STATES MAGISTRATE JUDGE