UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ARTHUR CASEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. DOCANTO, *et al.*,<br><br>　　　　　Defendants. | Case No.: 1:20-cv-00420-NONE-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION<br><br>(Doc. No. 14) |

Plaintiff James Arthur Casey is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 5, 2020, the assigned magistrate judge issued findings and recommendations recommending that the instant action be dismissed for failure to state a cognizable claim for relief. (Doc. No. 14.)  The findings and recommendations were served on plaintiff and contained notice that objections thereto were due within twenty-one (21) days.  (*Id.*)  The time for filing objections has passed and plaintiff has failed to do so.

/////

/////

/////

1

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case.  Plaintiff alleges that Defendant Correctional Officer (CO) Docanto and Defendant CO Malindo refused to take plaintiff to his Hepatitis C treatment appointment.  (Doc. No. 12 at 3.)  He further alleges that Docanto and Malindo strip-searched plaintiff in an excessively embarrassing manner and verbally harassed him in a sexual manner during and after the strip-search.  (*Id*. at 4.)  Plaintiff told supervisory defendants, sergeant Nevarro and captain Gallegar, about the incident but they did nothing to address the issue, while Nevarro told plaintiff "this is prison get used to it."  (*Id*. at 4–5.)  The court agrees with the magistrate judge that plaintiff's allegations regarding his medical appointment are too conclusory to give rise to a cognizable claim for deliberate indifference to a serious medical need.  Plaintiff also claims that his Eighth Amendment rights were violated when Docanto and Malindo verbally harassed him during the strip-search.  With regard to that claim, the court interprets the findings and recommendations as turning on the finding that plaintiff failed to plead egregious, pervasive, and/or widespread verbal harassment.[1]  So construed, the court agrees that plaintiff has failed to state an Eighth Amendment claim.  Accordingly, having carefully reviewed the entire file, the court finds the conclusion of the findings and recommendations to be supported by the record and proper analysis.

For the reasons set forth above:

1. The findings and recommendations issued on May 5, 2020 (Doc. No. 14) are adopted;
2. The instant action is dismissed for failure to state a cognizable claim for relief; and

---

[1] The court finds it unnecessary to hold that suggests verbal harassment can never constitute cruel and unusual punishment under the Eighth Amendment.  (*See* Doc. No. 14 at 5.)  While it is true that the Ninth Circuit has held that "the Eighth Amendment's protections do not *necessarily* extend to mere verbal sexual harassment," *Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004) (emphasis added), the court is unaware of any Ninth Circuit case that definitively holds that verbal harassment alone can *never* constitute an Eighth Amendment violation.  *See Jones v. Darden*, No. 15-CV-02022-JSC, 2016 WL 4585765, at *2 (N.D. Cal. Sept. 2, 2016) (reviewing Ninth Circuit authority on the subject and noting that certain key cases often cited for the proposition that verbal harassment cannot constitute cruel and unusual punishment were decided on qualified immunity grounds).  As a result, the court will adopt the pending findings and recommendations on the ground that the complaint fails to allege any sexual harassment was egregious, pervasive and/or widespread.  *See Palmer v. O'Connor*, No. 2:11-CV-2927 KJN P, 2013 WL 4012825, at *3 (E.D. Cal. Aug. 6, 2013); *Reynolds v. Major*, No. C 10-05917 JF (PR), 2011 WL 1585563, at *1 (N.D. Cal. Apr. 18, 2011).

    3.    The Clerk of Court is directed to assign a district judge to this matter for the purposes of closure and then to close this action.

IT IS SO ORDERED.

Dated: **June 17, 2020**

/s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE